UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE F. SKINNER, as Administratrix of the Estates of James C. Skinner, Deceased and John Michael Taylor, Deceased, | : : : : : | **CIVIL NO. 1:07-CV-1059** (Judge Conner) |
| Plaintiff | : : : : | (Magistrate Judge Smyser) |
| v. | : : | |
| MICHAEL E. FORD and DAKOTA LINES, INC., | : : : | |
| Defendants/Third-Party Plaintiffs | : : : | |
| v. | : : : | |
| YU ANMIN, DSL TRANSPORTATION, INC. a/k/a DSL TRANSPORTATION, PENNSYLVANIA TURNPIKE COMMISSION and PENNSYLVANIA STATE POLICE, | : : : : : : | |
| Third-Party Defendants | : : | |

## REPORT AND RECOMMENDATION

This is a case arising from a February 27, 2007 multiple vehicle collision on the Pennsylvania Turnpike, which was brought in this court by a complaint filed by Joanne F. Skinner, the plaintiff, on June 11, 2007.  Joanne F. Skinner is the Administratrix of the Estates of James C. Skinner, Deceased and John Michael Taylor, Deceased, the husband and son of Joanne F. Skinner, who died on or about February 27, 2007.  The jurisdiction of this court is based upon 28 U.S.C.

§ 1332.

The complaint names as defendants Michael E. Ford and
Dakota Lines, Inc.  The complaint avers that James C. Skinner,
with John Michael Taylor as a passenger, was driving west on
the Pennsylvania Turnpike at about 3:30 p.m. on February 27,
2007 in Franklin County.  He came upon a backlog of traffic.
He stopped his Ford 500 behind the stopped and stationary Mack
Vision 460 tractor trailer of Reginald Kendall.  Behind the
Skinner vehicle, Kurt Grigg in his Chevrolet Trailblazer was
slowing down to safely stop behind the Skinner vehicle and
behind the Grigg vehicle the tractor trailer being driven by
Yu Anmin, a 2002 Volvo tractor trailer owned by DSL
Transportation, a California company, was also slowing down to
stop.  Then, the complaint alleges, defendant Ford, driving a
2005 tractor trailer owned by defendant Dakota, crashed at a
high rate of speed in to the rear end of the Anmin tractor
trailer.  The Anmin tractor trailer crashed into the rear end
of the Grigg Trailblazer, which in turn crashed into the rear
end of the Skinner vehicle.  The Skinner vehicle was propelled
by the crash into and partially under the Kendall trailer,
resulting in the deaths of James C. Skinner and John Michael
Taylor.  The complaint alleges that there had been posted
warnings that there was traffic congestion and stopped traffic
ahead, as well as Pennsylvania State Police patrol vehicles
parked along the highway berm.  The complaint sets forth a

2

number of theories of liability on the part of the defendants.
We do not set forth more detail in this Report as to the
averments contained in the complaint here, in that this Report
and Recommendation addresses issues arising from the third
party complaint and, specifically, the amended third party
complaint.

A third party complaint (Doc. 8) was filed by the
defendants on September 6, 2007 against third party defendants
Yu Anmin, DSL Transportation, Inc., the Pennsylvania Turnpike
Commission and the Pennsylvania State Police.  An amended
third party complaint (Doc. 24) was filed on October 26, 2007
against these third party defendants.

The Pennsylvania State Police filed an answer (Doc.
32) to the amended third party complaint on November 7, 2007.
The Pennsylvania State Police filed a motion for judgment on
the pleadings (Doc. 31) on December 13, 2007 with a supporting
brief (Doc. 32).  An opposing brief (Doc. 47) was filed on
January 14, 2008.  A reply brief (Doc. 48) was filed on
January 17, 2008.  This motion is a subject of this Report and
Recommendation.

The Pennsylvania Turnpike Commission filed a motion
to dismiss the amended third party complaint (Doc. 33) on
November 17, 2007.  A supporting brief (Doc. 35) was filed on

November 21, 2007.  A brief in opposition (Doc. 38) was filed
on December 6, 2007, and a reply brief (Doc. 43) was filed on
December 19, 2007.  This motion is the other subject of this
Report and Recommendation.

   The Pennsylvania State Police Department contends
that it is entitled to a judgment on the pleadings on the
basis of the Eleventh Amendment and, secondarily, on the basis
of the state's sovereign immunity.  The Pennsylvania Turnpike
Commission contends that it is entitled to have the amended
third party complaint dismissed on the basis of the state's
sovereign immunity.  We will recommend for the reasons stated
in this Report that the motion of the Pennsylvania State
Police for a judgment on the pleadings be granted on the basis
of Eleventh Amendment immunity, that the court not reach the
issue of sovereign immunity as to the State Police, and that
the motion of the Turnpike based upon sovereign immunity be
denied.

   We first address the motion of the Pennsylvania State
Police for judgement on the pleadings.  Federal Rule of Civil
Procedure 12(c) allows a party to move for judgment on the
pleadings "[a]fter the pleadings are closed but within such
time as not to delay the trial."  In deciding a motion for
judgment on the pleadings the court must "view the facts
presented in the pleadings and the inferences to be drawn

4

therefrom in the light most favorable to the . . . nonmoving party." *Green v. Fund Asset Management*, 245 F.3d 214, 220 (3d Cir. 2001)(quoting *Institute for Scientific Info., Inc. v. Gordon & Breach, Science Publishers, Inc.,* 931 F.2d 1002, 1004 (3d cir. 1991)).  Judgment on the pleadings is only appropriate if the plaintiffs would not be entitled to relief under any set of facts that could be proved. *Id.*

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted "to stand not so much for what it says, but for the presupposition . . . which it confirms." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)(quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)).  That presupposition is that each state is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.*  Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of*

*Regents*, 528 U.S. 62, 73 (2000).

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam). However, a state may waive its Eleventh Amendment immunity by consenting to suit and Congress may abrogate States' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).

The Pennsylvania State Police Department is an agency of the Commonwealth of Pennsylvania. *See* 71 P.S. § 250, *et seq.* The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A. § 8521(b). Accordingly, the plaintiff's claims against the Pennsylvania State Police are barred from federal court by the Eleventh Amendment.

The motion of defendant Pennsylvania State Police for judgment on the pleadings is based in part upon 42 Pa. C.S.A. § 8521(b), which specifically states that the Commonwealth has not waived the Eleventh Amendment immunity of the Commonwealth from suit in federal courts. The third party plaintiffs

assert that the Commonwealth's Eleventh Amendment immunity is not applicable in this case because the Pennsylvania State Police is present as a third party defendant, under the court's supplemental jurisdiction.  28 U.S.C. § 1367.  This distinction does not make a difference.  28 U.S.C. § 1367 does not override 42 Pa. C.S.A. § 8521(b).  *See Raygor v. Regents Univ. of Minn.*, 534 U.S. 533, 542 (2002)(holding that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants).  The Pennsylvania State Police is entitled to have a judgment in the form of a dismissal without prejudice[1] entered in its favor based upon Eleventh Amendment immunity and the absence of an immunity waiver as to a case in federal court.

Next, we will address the Pennsylvania Turnpike Commission's motion to dismiss based upon sovereign immunity.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to

---

[1]  A state court civil action would not be barred by the Eleventh Amendment.

7

show that there is no actionable claim. *Johnsrud v. Carter*,
620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to
dismiss, the court must accept all material allegations of the
complaint as true and draw all inferences in the light most
favorable to the plaintiffs. *Pennsylvania House, Inc. v.
Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However,
"conclusory allegations of law, unsupported conclusions and
unwarranted inferences need not be accepted as true." *Id*. at
449-50.

        The defendant Pennsylvania Turnpike Commission takes
the position that the amended third party complaint fails to
state a claim against it upon which relief can be granted
because the Commonwealth of Pennsylvania has not waived its
sovereign immunity as to a claim such as is presented in the
amended third party complaint against this state Commission.
The 42 Pa. C.S.A. § 8522 waiver of sovereign immunity by the
Commonwealth of Pennsylvania provides that the defense of
sovereign immunity of a Commonwealth of Pennsylvania party
shall not be raised to negligence claims for damages caused
by, in material part:

        **(1) Vehicle liability.**--The operation of any
        motor vehicle in the possession or control of
        a Commonwealth party. . .

        . . . .

        **(4) Commonwealth real estate, highways and
        sidewalks.**--A      dangerous      condition      of

8

> Commonwealth  agency  real  estate  .  .  .,
> including  .  .  .  highways  under  the
> jurisdiction  of  a  Commonwealth  agency  .  .  .

The Turnpike Commission asserts that the claim against it in the amended third party complaint is not a claim of vehicle liability within the meaning of the waiver statute or a claim of a dangerous highway condition within the meaning of the statute and is accordingly not a claim to which Pennsylvania has waived its sovereign immunity.

The Turnpike Commission asserts that the third party plaintiffs' claims do not have to do with the condition of the highway or highway property, but "instead allege merely that the Pennsylvania Turnpike Commission could have followed standards or procedures to avoid or minimize injuries during the cleanup of a previous accident."  This is not a claim, the Commission asserts, of a dangerous condition of the Turnpike itself.

The amended third party complaint (Doc. 24) alleges negligent and careless conduct on the part of the Turnpike Commission consisting of

> a.  Failure to properly design its . . .
> highways;
>
> b.  Failure to place proper traffic control
> devices on its highway;
>
> c.  Failure to follow appropriate traffic
> control measures;

9

d.  Failure to follow establish (sic)
standards to warn westbound travelers of
potential traffic hazards;

e.  Failure to follow and comply with work
zone traffic control guidelines;

f.  Failure to comply with and follow
standards and procedures as set forth in
the Manual on Uniform Traffic Control
Devices;

g.  Failure to institute and follow an
appropriate temporary traffic control plan;

h.  Failure to properly instruct the
Pennsylvania State Police;

i.  Creating a dangerous condition of
Commonwealth highways;

j.  Operating Commonwealth vehicles and
equipment in a manner that caused
plaintiffs to suffer injuries and damages.

(Doc. 24, ¶ 38).[2]

Apart from these allegations in ¶ 38, the amended
third party complaint does not allege facts concerning the
actions or inactions allegedly taken or not taken by the
Turnpike Commission.

The amended third party complaint does contain in ¶
38 the above quoted conclusory claims that the Turnpike
Commission created a dangerous highway condition and that it
operated vehicles in a manner causing injuries to the
plaintiffs.  But the amended third party complaint does not
plead facts in further demonstration of how in the events

---

[2]  ¶ 38, i and j were added in the amended third party complaint.

leading up to and occurring during this accident it was a
condition of the highway or was the role of a Turnpike vehicle
that caused or contributed to the accident.

In opposing the motion to dismiss the amended third
party complaint, the third party plaintiffs cite cases where
there was some highway condition (i.e., some condition of the
real property constituting the highway) or some vehicular
involvement that arguably had contributed to the accident and
injuries. *Bendas v. Township of White Deer,* 611 A.2d 1184
(1992); *Snyder v. Harmon,* 522 Pa. 424; 562 A.2d 307 (1989;
*Young v. Commonwealth,* 714 A.2d 475 (Pa. Commw. 1998).  In the
cited cases, motions for summary judgment were denied.

Here, as described in the third party plaintiffs'
brief, their theory of a dangerous highway condition is that
there was a failure to clean up after a prior accident and
also that the closing of both westbound lanes of the limited
access highway was negligent and contributed to the accident.
The plaintiffs' theory of vehicle liability is that Turnpike
Commission vehicles were being used to clear the highway from
the debris caused by an earlier accident.

Although the evidentiary basis for claims against the
Turnpike Commission based upon "vehicle liability" or
"Commonwealth real estate, highways and sidewalks" is not

presented in a manner that would withstand a summary judgment
motion, the present Rule 12(b)(6) motion imposes the less
demanding burden upon the third party plaintiffs to state a
claim upon which relief can be granted.  Rule 8(a)(2) of the
Federal Rules of Civil Procedure requires a short and plain
statement of the claim showing that the pleader is entitled to
relief.  The amended third party complaint does not fail to
state a claim against the Turnpike Commission upon which
relief can be granted.  That is not to say that this is a case
in which there is a waiver of sovereign immunity; rather, it
is to say that the conclusion that it is a case in which there
is or is not a waiver can not be made in the context of this
12(b)(6) motion.

     Both sides to this motion refer to the Pennsylvania
State Police accident report ("Police Crash Reporting Form,"
Doc. 38, Exh. A), and both sides argue factual inferences that
they believe should be drawn from the report.  The resolution
of factual issues in the context of this motion to dismiss
would be a misapplication of Rule 12(b)(6), even in
consideration of Rule 12(d).  A motion for summary judgment
here addressing the sovereign immunity exceptions issue is
likely to involve more evidence than the Police Crash
Reporting Form.

It is recommended, for the foregoing reasons, that the motion of third party defendant Pennsylvania State Police for judgment on the pleadings in the nature of a motion to dismiss the amended third party complaint as to that third party defendant be granted, that the amended third party complaint be dismissed as to third party defendant Pennsylvania State Police, and that the motion of third party defendant Pennsylvania Turnpike Commission to dismiss the amended third party complaint as to that third party defendant be denied.  It is further recommended that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  January 29, 2008.

13