**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOANNE F. SKINNER, | : | CIVIL ACTION NO. 1:07-CV-1059 |
|     Plaintiff | : | |
| | : | (Judge Conner) |
|     v. | : | |
| | : | |
| MICHAEL E. FORD and | : | |
| DAKOTA LINES, INC, | : | |
|     Defendants/Third-Party Plaintiffs | : | |
| | : | |
|     v. | : | |
| | : | |
| YU ANMIN, DSL TRANSPORTATION, | : | |
| PENNSYLVANIA TURNPIKE | : | |
| COMMISSION, and PENNSYLVANIA | : | |
| STATE POLICE, | : | |
|     Third-Party Defendants | : | |

**<u>ORDER</u>**

AND NOW, this 8th day of April, 2008, upon consideration of the report and recommendations of the magistrate judge (Doc. 51), recommending that the motion for judgment on the pleadings of third-party defendant Pennsylvania State Police ("PSP") (Doc. 41) be granted and that the motion to dismiss of third-party defendant Pennsylvania Turnpike Commission ("PTC") (Doc. 33) be denied, to which PTC filed objections (Doc. 52), and, following an independent review of the record, it appearing that PSP is immune from suit in federal court under the Eleventh Amendment to the federal Constitution, <u>see</u> <u>Grabiak v. Pa. State Police</u>, No. Civ. A. 05-6318, 2006 WL 2381766, at *2-3 (E.D. Pa. Aug. 14, 2006), and that PTC lacks Eleventh Amendment immunity but possesses sovereign immunity under state law, and that any claim against PTC must therefore fall within a statutory exception to that immunity, and it further appearing that the third-party complaint relies on the vehicular and real-estate exceptions to sovereign immunity

for its claims against PTC, see 42 PA. CONS. STAT. § 8522(b)(1) & (4), and the court concluding that the vehicular exception authorized suit based on the operation of a state vehicle and is therefore inapplicable in this case because PTC is not alleged to have operated an automobile, see First Nat'l Bank v. Commonwealth, 609 A.2d 911, 913-14 (Pa. Commw. Ct. 1992), and the court further concluding that the real-estate exception requires a plaintiff to allege the existence of "a defect in the real estate that causes injury," Williams v. Phila. Hous. Auth., 873 A.2d 81, 86 (Pa. Commw. Ct. 2005), that the third-party complaint merely asserts that PTC "creat[ed] a dangerous condition of Commonwealth highways" and failed to "properly design" the Commonwealth roadway but does not allege any facts in support of these conclusions, (Doc. 24 at 14), and that the third-party plaintiff has therefore averred an unsubstantiated legal conclusion, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (observing that courts ruling on a motion to dismiss need not consider "a legal conclusion couched as a factual allegation"),[1] it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 51) is ADOPTED in part and REJECTED in part as follows:

    a. The report (Doc. 51) is ADOPTED insofar as it addresses motion for judgment on the pleadings (Doc. 41) of third-party defendant PSP.

    b. The report (Doc. 51) is REJECTED insofar as it recommends denial of the motion to dismiss (Doc. 33) of third-party defendant PTC.

---

[1] The third-party plaintiffs also predicate liability on PTC's allegedly negligent clean-up of a prior accident, which caused a traffic backlog that precipitated the collision in the instant case. These factual allegations do not qualify for any of the discrete statutory exceptions to sovereign immunity. See 42 PA. CONS. STAT. § 8522(b).

2

2. Third-party defendant PSP's motion for judgment on the pleadings (Doc. 41) is GRANTED.

3. Third-party defendant PTC's motion to dismiss (Doc. 33) is GRANTED. Third-party plaintiff shall be permitted to file an amended complaint alleging facts in support of the legal conclusion that the highway at issue contained a dangerous condition or was improperly designed. Any amended complaint shall comply in all respects with Local Rule 15.1.

4. The above-captioned case is REMANDED to the magistrate judge for further proceedings.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge