```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOANNE F. SKINNER, as            :   **CIVIL NO. 1:07-CV-1059**
Administratrix of the Estates    :
of James C. Skinner, Deceased    :   (Judge Conner)
and John Michael Taylor,         :
Deceased,                        :
                                 :   (Magistrate Judge Smyser)
        Plaintiff                :
                                 :
        v.                       :
                                 :
MICHAEL E. FORD and DAKOTA       :
LINES, INC.,                     :
                                 :
        Defendants/Third-        :
        Party Plaintiffs         :
                                 :
        v.                       :
                                 :
YU ANMIN, DSL TRANSPORTATION,    :
INC. a/k/a DSL TRANSPORTATION,   :
PENNSYLVANIA TURNPIKE            :
COMMISSION and PENNSYLVANIA      :
STATE POLICE,                    :
                                 :
        Third-Party              :
        Defendants               :
```

**REPORT AND RECOMMENDATION**

Pursuant to the Order of April 8, 2008 (Doc. 64), the third-party plaintiffs were permitted to file an amended complaint against the third-party defendant Pennsylvania Turnpike Commission "alleging facts in support of the legal conclusion that the highway at issue contained a dangerous condition or was improperly designed."

On May 6, 2008, an amended third-party complaint was filed by third-party plaintiffs Michael E. Ford and Dakota Lines, Inc. against third-party defendant Pennsylvania Turnpike Commission.  (Doc. 67).  A motion to dismiss (Doc. 69) was filed on May 7, 2008.  A brief in support (Doc. 72) was filed on May 19, 2008.  An opposing brief (Doc. 74) was filed on June 3, 2008.  A reply brief (Doc. 76) was filed on June 9, 2008.

The amended third-party complaint does not allege that the Pennsylvania Turnpike at the relevant place was improperly designed It does not allege that there was a dangerous condition of the real estate.  The amended third-party complaint alleges the same theories of liability as to the Pennsylvania Turnpike Commission that were alleged in the initial, dismissed complaint, theories determined by the court not to be within the scope of the Commonwealth's waiver of sovereign immunity.  In the brief in opposition to the motion to dismiss the amended third-party complaint, the third-party plaintiffs reargue the position argued in the context of the motion to dismiss the original third-party complaint.  They argue that for the Turnpike Commission to have permitted a lengthy backlog of stopped traffic to occur gave rise to a dangerous condition of the real estate, therefore giving rise to an exception to the sovereign immunity of the Commonwealth.

In that the third-party plaintiffs do not provide a

basis for the court to draw a conclusion different from the conclusion drawn by the court in the Order of April 8, 2008, it is recommended that motion of the third-party defendant Pennsylvania Turnpike Commission to dismiss the amended third-party complaint be granted and that the third-party defendant Pennsylvania Turnpike Commission be dismissed as a party.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  July 1, 2008.