# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOANNE F. SKINNER**, | : | CIVIL ACTION NO. 1:07-CV-1059 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL E. FORD** and | : | |
| **DAKOTA LINES, INC**, | : | |
| | : | |
| Defendants/Third-Party Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **YU ANMIN, DSL TRANSPORTATION,** | : | |
| **PENNSYLVANIA TURNPIKE** | : | |
| **COMMISSION, and PENNSYLVANIA** | : | |
| **STATE POLICE**, | : | |
| | : | |
| Third-Party Defendants | : | |

## **ORDER**

AND NOW, this 11th day of August 2008, upon consideration of the report of the magistrate judge (Doc. 78), to which objections were filed, (Doc. 80), recommending that the motion to dismiss third-party defendant Pennsylvania Turnpike Commission ("PTC") (Doc. 69) be granted, and, following an independent review of the record, it appearing that third-party plaintiffs predicate their claims upon allegedly deficient management of highway traffic following an automobile accident, that PTC possesses sovereign immunity, and that, to vitiate such immunity, plaintiffs must demonstrate that their injuries were "caused by a condition of government realty itself, deriving, originating from, or having the realty as its source," Osborne v. Cambridge Twp., 736 A.2d 715, 723

(Pa. Commw. Ct. 1999); see also 42 PA. CONS. STAT. § 8522(b)(4),[1] and the court finding that the alleged mismanagement of traffic flow is not a defect intrinsic to the real estate itself, see Williams v. Phila. Hous. Auth., 873 A.2d 81, 86 (Pa. Commw. Ct. 2005) (stating that the defect "must make the real property itself unsafe for its intended use"),[2] and that the allegations are insufficient to vitiate PTC's sovereign immunity under the real estate exception thereto, see 42 PA. CONS. STAT. § 8522(b)(4); Mason and Dixon Lines, Inc. v. Mognet, 645 A.2d 1370, 1375 (Pa. Commw. Ct. 1994) (stating that "the real estate exception to sovereign immunity is to be interpreted narrowly against injured plaintiffs"), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 78) is ADOPTED.

2. Third-party Defendant's motion to dismiss (Doc. 69) is GRANTED. Leave to amend is denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).[3]

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

---

[1] Osborne applied the real estate exception to sovereign immunity set forth in the statute governing immunity of political subdivisions, 42 PA. CONS. STAT. § 4542(b)(3), which is interpreted in a manner similar to the statute governing Commonwealth immunity, at issue in the present case, id. § 4522(b)(4). See Williams v. Phila. Hous. Auth., 873 A.2d 81, 86 (Pa. Commw. Ct. 2005).

[2] Third-party plaintiffs' claims against the PTC were previously dismissed, and plaintiffs were granted leave to amend their complaint to allege facts demonstrating a dangerous condition or improper design of the highway. Absent a dangerous condition or improper design, the claims against PTC are barred by sovereign immunity. See 42 PA. CONS. STAT. § 8522(b)(4).

[3] Third-party plaintiffs' original and amended complaints both allege the same factual scenario with varying degrees of specificity. The circumstances alleged in both complaint utterly fail to satisfy the real estate exception. Leave to amend is therefore properly denied. See Ascenzi v. Diaz, 247 F. App'x 390 (3d Cir. 2007), see also Grayson, 293 F.3d at 108.